UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

MORRIS WEATHERSPOON,

        Plaintiff,                Case No. 2:20-cv-67

v.                                     Honorable Paul L. Maloney

ERICA HUSS et al.,

        Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

        Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia County, Michigan. The events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette

County, Michigan and the Baraga Correctional Facility (AMF) in Baraga County, Michigan. Plaintiff sues the following MBP personnel: Warden Erica Huss; MBP Residential Unit Managers C. Tallia and D. Viitala; Sergeant M. Phillips; and Prisoner Counselor Unknown Cesarek. Plaintiff sues the following AMF personnel: Warden Daniel Lesatz; Assistant Deputy Warden D. Peterson; and Residential Unit Manager T. Pertto. Plaintiff also sues Assistant Deputy Warden Sarah Schroeder who, according to Plaintiff, works at both MBP and AMF. Finally, Plaintiff sues MDOC Grievance Manager Richard D. Russell.

Plaintiff alleges that on November 23, 2017, another inmate, Clayton, attacked him. Before the attack, Plaintiff was accused of stealing from Clayton.[1] Plaintiff reports that, before the attack, he learned that Clayton was a prison gang member and that "the green light was given" for Clayton to attack Plaintiff. (Compl., ECF No. 1, PageID.5.)

After the attack, Plaintiff was placed in segregation. He asked to be placed in protective custody. Defendant Phillips investigated Plaintiff's request. Because Plaintiff acknowledged that he had stolen from Clayton, Defendant Phillips concluded that the attack was a response to that, and not related to gang (or Security Threat Group) activity.

Defendants Viitala and Schroeder were the members of the Security Classification Committee who considered Plaintiff's protective custody request based on Defendant Phillips investigation. They concluded that protective custody was not warranted. Plaintiff was ordered back to general population. He refused. On November 28, 2017, a misconduct report for disobeying a direct order was written. Plaintiff was found guilty of that offense.

---

[1] Although Plaintiff initially alleges that he was "accused of stealing," he also includes in his complaint a quote from a report authored by Defendant Phillip that indicates Plaintiff actually took something from Clayton's cell. (Compl., ECF No. 1, PageID.6.) Plaintiff does not contest that characterization.

2

Plaintiff filed a grievance because he was denied protective custody. Defendant Cesarek reviewed Defendant Phillips's report and interviewed Plaintiff. Cesarek reached the same conclusion Phillips did: protective custody was not warranted because the assault appeared to be an isolated incident in response to Plaintiff's theft from Clayton. Defendants Tallio, Huss, and Russell reviewed the grievance as Plaintiff appealed it. All three upheld the grievance response.

Plaintiff was transferred to AMF. Subsequently, Clayton was transferred to AMF as well. They were housed in the same unit. On April 22, 2019, Clayton threatened Plaintiff. Plaintiff concluded that he would not be afforded protective custody despite the threats; so, he attacked Clayton knowing that Plaintiff would end up in segregation, a place he concluded would be safe. Plaintiff received a "fighting" misconduct ticket.

Plaintiff has since been transferred to ICF.

Plaintiff contends that Defendants were deliberately indifferent to Plaintiff's health and safety in violation of the Eighth Amendment. He seeks a declaration that Defendants have violated Plaintiff's constitutional rights; a preliminary and permanent injunction ordering Defendants to cease denying him protective custody; and hundreds of thousands of dollars in compensatory and punitive damages.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

3

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff contends that Defendants have violated his Eighth Amendment rights.

**III.    Defendants Lesatz, Peterson, and Pertto**

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v.*

4

*Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").

Plaintiff identifies AMF Defendants Lesatz, Peterson, and Pertto in the introductory paragraphs of his complaint (Compl., ECF No. 1, PageID.4-5); but, he never indicates that they took or failed to take any action with regard to Plaintiff's health or safety. The only allegations he makes regarding his time at AMF is that Plaintiff concluded he could not get protective custody so he attacked Clayton. Plaintiff does not specifically reference the AMF Defendants or any purportedly improper actions by any defendant during Plaintiff's time at AMF. Because Plaintiff's claims fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendants Lesatz, Peterson, and Pertto.

**IV.    Supervisory liability**

Plaintiff alleges that Defendants Cesarek, Tallio, Huss, and Russell failed to provide him relief when they reviewed Plaintiff's grievance regarding the Security Classification Committee's refusal to provide protective custody. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or

5

vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Cesarek, Tallio, Huss, and Russell engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

**V.    Defendant Phillips, Viitala, and Schroeder**

Plaintiff claims that Defendants Phillips, Viitala, and Schroeder played an active role in denying Plaintiff protective custody. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766-67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v.*

*Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766.

Plaintiff does not suggest that Defendants Phillips, Viitala, or Schroeder were aware of a risk from inmate Clayton prior to the November 23, 2017, attack. After the attack, Phillips concluded that the attack was likely not gang activity, but revenge for Plaintiff's theft from Clayton. Because the attack appeared to be an isolated incident, Plaintiff was returned to general population. That decision appears to have been a sound one because Plaintiff does not suggest he suffered a threat of harm or any actual harm at MBP thereafter.

Plaintiff has failed to allege facts that support the inference that Phillips, Viitala, or Schroeder were aware of an excessive risk to Plaintiff health or safety or that they disregarded such a risk. Accordingly, Plaintiff has failed to state an Eighth Amendment claim for deliberate indifference against Phillips, Viitala, or Schroeder.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  June 9, 2020                                     /s/ Paul L. Maloney
                                                                           Paul L. Maloney
                                                                           United States District Judge